UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD and KAREN BRANDT,

    Plaintiffs,

    v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

    Defendant.

Case No. C08-5760BHS

ORDER GRANTING PLAINTIFFS' REQUEST TO CONDUCT DEPOSITIONS AND RENOTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

This matter comes before the Court on Defendant's motion to vacate default judgment. Dkt. 24.

The Court may set aside an entry of default for good cause, Fed. R. Civ. P. 55(c), and it may set aside a default judgment for excusable neglect. Fed. R. Civ. P. 60(b)(1). The movant has the burden of demonstrating that the interest in deciding a case on the merits outweighs the "very important interest in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The decision of whether to set aside a default judgment is discretionary. *Id*. at 695.

The parties agree that, in deciding the Defendant's motion, the Court should consider the three factors set out in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984): (1) whether Plaintiffs will be prejudiced if the Court sets aside the default judgment, (2) whether Defendant has a meritorious defense, and (3) whether culpable conduct of Defendant led to the default. However, the parties disagree as to whether the Court should consider these factors

ORDER – 1

disjunctively or conjunctively. As the parties point out, Ninth Circuit opinions are not entirely consistent on this issue. *Compare TCI*, 244 F.3d at 696 (suggesting that the analysis for consideration of a motion to set aside a default judgment involves a balancing of the *Falk* factors) *with Franchise Holding II, LLC v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 926 (stating that the *Falk* factors are disjunctive); *see also Employee Painters,* 480 F.3d 993, 1000 (9th Cir. 2007) (stating that the *Falk* factors "inform" a trial court's decision, and upholding trial court's denial of motion to set aside default judgment after finding defendants culpable and without a meritorious defense).[1]

A defendant's conduct is culpable for the purposes of the *Falk* analysis where there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Employee Painters' Trust v. Ethan Enter., Inc.*, 480 F.3d at 1000 (*quoting TCI*, 244 F.3d at 698).

Plaintiffs concede that Defendant has a meritorious defense. Plaintiffs urge the Court to deny Defendant's motion under the other two *Falk* factors. However, the Court cannot determine whether Defendant acted with culpability because the record is not fully developed.

With regard to the culpability factor, Defendant claims that it did not receive a copy of the summons and complaint. In support, Defendant filed a declaration by Patricia Quint, a claims director at American Bankers. Plaintiffs maintain that a letter was sent to David Smith, a claims adjuster for American Insurance, which included a copy of the complaint. Dkt. 24 at 3 (Declaration of Bradley Maxa); *see also id.* at 9 (January 2, 2009 letter from Mr. Maxa to Mr. Smith). Defendant denies having received this letter, *see* Dkt. 32 at 6, but did not file a declaration from Mr. Smith in support of this contention, instead citing Ms. Quint's

---

[1] The Court notes that it appears that the *TCI* standard, whereby a court balances the three factors, appears to be the proper standard. While *Franchise Holding* was decided after *TCI*, it did not overrule *TCI*, and the *Franchise Holding* court went on to evaluate the three *Falk* factors. In addition, in *Employee Painters*, decided after *Franchise Holding*, the court evaluated more than one *Falk* factor.

ORDER – 2

declaration. In addition, Plaintiffs provided evidence that the complaint and summons was received by Alicia White, a representative of the Corporation Service Company, which appears to be the registered agent for Defendant. Dkt. 26 at 2 and 9. Plaintiffs urge the Court to allow them to conduct limited discovery with regard to what happened to the complaint by interviewing Ms. White and Mr. Smith. The Court concludes that this request is reasonable and is therefore granted.

Should the Court ultimately decide to set aside the default judgment, Defendant will be ordered to reimburse Plaintiffs for the reasonable costs of conducting this inquiry. The Court would likely condition a setting aside of the default judgment on Defendant reimbursing Plaintiffs for other costs incurred as well. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988) (a trial court has discretion in setting conditions for setting aside a default judgment); *see also* Fed. R. Civ. P. 60(b) (on "just terms" a court may relieve a party from final judgment).

The Court hereby renotes Defendant's motion to set aside the default judgment for July 10, 2009. Plaintiffs may supplement their response to Defendant's motion to address issues raised during their inquiry on or before July 6, 2009. Defendant may file a reply on or before the noting date. The page limit for these briefs is 8 pages.

DATED this 16th day of June, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3