UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD and KAREN BRANDT,

        Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

        Defendant.

CASE NO. C08-5760BHS

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for partial summary judgment (Dkt. 49). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 17, 2008, Plaintiffs filed their complaint against Defendant. Dkt. 1. On March 23, 2009, this matter was reassigned to the undersigned. Dkt. 11. On March 22, 2009, the Court ordered default judgment against Defendant. Dkt. 16. On September 16, 2009, the Court set aside the default judgment. Dkt. 42. On December 30, 2009, Defendant moved the Court to enter partial summary judgment against Plaintiffs on the issue of extra-contractual claims. Dkt. 49. On January 22, 2010, Plaintiffs responded. Dkt. 53. On January 22, 2010, Defendant replied. Dkt. 54.

## II. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

ORDER - 1

1 fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
The moving party is entitled to judgment as a matter of law when the nonmoving party
fails to make a sufficient showing on an essential element of a claim in the case on which
the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
(1985). There is no genuine issue of fact for trial where the record, taken as a whole,
could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.
Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must
present specific, significant probative evidence, not simply "some metaphysical doubt").
*See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if
there is sufficient evidence supporting the claimed factual dispute, requiring a judge or
jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
626, 630 (9th Cir. 1987).

The Court concludes that the instant motion involves purely a question of law.

**B.     Defendant's Motion**

The issue presented is whether a party may bring extra-contractual claims against its flood insurance provider when that insurance issues under a Standard Flood Insurance Policy (SFIP) pursuant to the National Flood Insurance Program (NFIP). Dkt. 49 at 2; *see also* Dkt. 54 at 2.

The case law on this issue supports Defendant's position that the only remedy available to Plaintiffs is an action for breach of contract. *See* Dkt. 49 at 6 (collecting cases). "Federal law has long recognized that an insured must comply strictly with the terms and conditions of a federal insurance policy." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000); *see also Gowland v. Aetna*, 143 F.3d 951, 952 (5th Cir. 1998) (recognizing that "the provisions of an insurance policy issued pursuant to a federal program must be *strictly construed and enforced*") (emphasis added).

In *Flick*, the court noted that it would be "anomalous" if policies written by write-your-own (WYO) flood insurers, such as Defendant in this case, were subject to rules different than those policies issued directly by the Federal Emergency Management Agency (FEMA). *Flick*, 205 F.3d at 396 n. 14. Although WYO carriers issue the insurance policies and process claims, they do so as fiscal agents of the United States. *Van Holt v. Liberty Mut. Ins. Co.*, 163 F.3d 161, 165 (3rd Cir. 1998) (citing 42 U.S.C. § 4071(a)(1)). The terms of the SFIP are fixed by FEMA rather than by the carriers, and the carriers are not permitted to deviate from those terms. *Id.* at 165-66; *see also* 44 C.F.R. § 61.13(d); Part 61, App. A(1), Art. 9(D). "Coverage is provided under the auspices of the NFIP, pursuant to the program's regulations, and is identical in scope and in cost to policies issued directly by FEMA." *Flick*, 205 F.3d at 389 (citing 48 Fed. Reg. 46789 (1983)). In short, a suit against a WYO flood insurer for breach of the SFIP is essentially a suit against FEMA. *Id.*; *see also Flick*, 205 F.3d at 393 n. 10 ("Though policyholders may file claims against WYO Insurers in federal court, . . . the claim is, in reality, a claim against the federal government."). Thus, in *Flick*, the Ninth Circuit held that "[t]here is a compelling government interest in assuring uniformity of decision in cases involving the NFIP." *Id*. The primary issue in *Flick* concerned whether WYOs must strictly construe a SFIP's proof of loss requirement. *Id*. Notably, however, the parties in *Flick* stipulated that state law extra-contractual claims are preempted by the National Flood Insurance Act (NFIA). *Id*. at 389. Notwithstanding but consistent with this stipulation, the *Flick* court was not silent regarding whether state law claims are, in fact, preempted by the NFIA. *See Flick*, 205 F.3d at 393 n. 10; s*ee also Scherz v. South Carolina Ins. Co.*, 112 F. Supp. 2d 1000, 1009 (C.D. Cal. 2000).

Similar to *Scherz*, here "it is undisputed that, if FEMA had issued the SFIP directly to [Plaintiffs, their] sole remedy for any alleged claims mishandling would be a cause of action for breach of contract." *Scherz*, 112 F. Supp. at 1009; *see also* 44 C.F.R. § 61, Appendix A(1) to part 61, Article IX ("This policy and all disputes arising from the

handling of *any claim* under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.") (emphasis added).

Accordingly, in *Scherz,* the court concluded that *Flick's* "concern that WYOs not be subjected to 'special rules' counsels in favor of finding conflict preemption . . . , for to allow an insured to bring a state law tort claim . . . against a WYO insurer but not against FEMA would amount to a special rule benefitting only some insureds." *Id*. Put otherwise, *Scherz* reasons that, to avoid frustrating the congressional goal of a uniform flood insurance program, as discussed in *Flick*, state law claims must be preempted. Such preemption leaves available only the cause of action of breach of contract, which is the same claim that is permitted when a plaintiff brings their claim directly against FEMA. *Id*. This Court adopts the reasoning and analysis of *Scherz* because to conclude otherwise would

> provide greater coverage at the same price to policyholders who purchase insurance through the WYO program and conflict with FEMA's goal that flood insurance policies be "standard." See 44 C.F.R. §§ 61.4(b), 61.13(d), 62.23(c), 62.23(d) (providing that the terms and conditions of flood insurance policies shall be fixed by FEMA and issued without alteration); 48 Fed. Reg. 46789 (1983) (stating that coverage under the WYO program is to be identical in scope and in price to coverage provided by FEMA).

*Flick*, 205 F.3d at 396 n. 14. Moreover, the Fifth Circuit has expressly held that the cause of action available in cases such as these is limited solely to breach of contract. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390 (5th Cir. 2007) (holding that state law claims are preempted by federal law).

Plaintiffs oppose this interpretation of the law (Dkt. 53) but offer no authority for their position. Instead, the Court is urged "to search for a basis for allowing [their] extra-contractual claims to go forward." Dkt. 53 at 2. While the Court is not compelled to do so, it has engaged in such a search and finds no authority to circumvent the principles of law laid out in the above cited cases.

**C.  Conclusion**

The Court concludes that Plaintiffs' extra-contractual claims should be dismissed.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion for partial summary judgment (Dkt. 49) is **GRANTED** as discussed herein.

DATED this 4th day of March, 2010.

　　　　　　　　　　　　　　　　　　/s/ Benjamin H. Settle
　　　　　　　　　　　　　　　　　　BENJAMIN H. SETTLE
　　　　　　　　　　　　　　　　　　United States District Judge