UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD and KAREN BRANDT,

    Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

    Defendant.

CASE NO. C08-5760BHS

ORDER GRANTING IN PART, DENYING IN PART, AND RESERVING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant's ("American Bankers") motion for summary judgment on Plaintiffs' (the "Brandts") contractual claims (Dkt. 69). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part, denies in part, and reserves ruling in part on the motion as discussed herein.

## I. PROCEDURAL HISTORY

    On December 17, 2008, The Brandts filed suit against American Bankers seeking insurance coverage for flood damage to their house. Dkt. 1 ("Complaint"). American Bankers failed to file a notice of appearance or answer the Brandts' Complaint, and on February 20, 2009, the clerk entered a default. Dkt. 7. On April 22, 2009, the Court entered a default judgment in favor of the Brandts in the amount of $655,489.42. Dkt. 16.

ORDER - 1

On September 16, 2009, the Court conditionally set aside the default judgment on the basis of American Bankers' excusable neglect. Dkt. 42; *see also* Dkt. 41 at 15 (imposing conditions on set-aside of default judgment). On December 30, 2009, the Court granted partial summary judgment in favor of American Bankers, which dispensed with the Brandts' extra contractual claims. Dkt. 58.

On May 6, 2010, American Bankers filed the instant motion for summary judgment on the Brandts' remaining contractual claims. Dkt. 69. On May 24, 2010, the Brandts responded in opposition. Dkt. 86. On May 28, 2010, American Bankers replied. Dkt. 99.

Additionally, American Bankers did not file an answer in this matter until May 24, 2010 (Dkt. 83); this filing occurred after the filing of the instant summary judgment motion.

## II. FACTUAL BACKGROUND

A more complete factual account of this matter can be found in the Court's order granting American Bankers' motion to set aside default judgment. Dkt. 41.

On December 4, 2007, the Brandts' Centralia, Washington house was damaged by flooding. Complaint ¶ 7. At the time of the flood, the Brandts carried a flood insurance policy through American Bankers that covered building damage caused by flooding in the amount of $250,000, plus an additional $20,000 for "increased cost of compliance." Dkt. 10, Declaration of Todd Brandt (Brandt Decl.) ¶ 5.

The insurance plan held by the Brandts is known as a Write Your Own ("WYO") insurance policy issued as a Standard Flood Insurance Policy ("SFIP") pursuant to the National Flood Insurance Program. *See, e.g.*, Dkt. 58 at 2. Such policies are issued directly by FEMA and indirectly by FEMA through approved WYO insurers, like American Bankers. *See id.* at 3. The Court already observed that "[f]ederal law has long

ORDER - 2

recognized that an insured must comply strictly with the terms and conditions of a [SFIP]. *See id*. (quoting *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000)).

On December 6, 2007, the Brandts provided notice to American Bankers of their flood claim. Dkt. 1 at 2. On January 10, 2008, American Bankers issued payment to the Brandts for flood damage in the amount of $37,715.92. Dkt. 21, Declaration of Patricia Quint (Quint Decl.) ¶ 7. Following this January 2008 payment, the Brandts presented claims for additional damage to their home. *See id*. ¶ 8. According to estimates provided by the Brandts, the house required repairs that would cost more than the $232,284.08. Dkt. 41 at 3. The Brandts do not contend that they actually have made any of these repairs or replacements to their home; however, they maintain that these costs remain covered under their SFIP. *E.g.,* Dkt. 86 at 3; *see also* Quint Decl., Ex. H (estimates from Kenneth Kirby, contractor ("Kirby")). However, American Bankers maintains that the Brandts failed to submit proper proof of loss, have not determined an actual cash value of loss, are seeking damages precluded by their SFIP, and have failed to submit credible evidence regarding their alleged damages. *See, e.g.*, Dkt. 69.

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

ORDER - 3

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.  The Brandts' Motion to Deny**

The Brandts move the Court to deny American Bankers' motion on the basis that it never filed an answer until after the Brandts filed their response to the instant motion. Dkt. 86 at 2. The Brandts argue that this put American Bankers in default and they filed a motion for default on this basis. *Id*; *see also* Dkt. 82 (second motion for default). However, the Brandts have subsequently withdrawn their motion for default. Dkt. 90. In any event, the fact that the answer was untimely filed does not appear to the Court to have caused the Brandts any prejudice. In fact, the Brandts have been litigating this matter all along and have also filed the proposed pretrial order (Dkts. 80, 81).

The Brandts also argue that American Bankers raised new defenses for the first time that have not previously been presented to the Brandts. Dkt. 86 at 2. However, again, this argument is based on the fact that the answer was only recently filed. On the record currently before the Court, it is unable to determine at this time what prejudice has resulted in disabling the Brandts' preparation for trial.

Furthermore, a party will not be held in default for failure to file an answer when the party has otherwise defended itself in the lawsuit (e.g., filed a motion for summary judgment). *E.g., Rashidi v. Albright*, 818 F. Supp. 1354, 1355 (D. Nev. 1993). American Bankers has otherwise defended itself in this lawsuit, which appears to make the timing of its answer of little import.

Therefore, the Court denies the Brandts' motion to deny American Bankers summary judgment. However, the Court is inclined to entertain a motion for continuance of trial on this basis, if the Brandts can establish unfair prejudice.

**C.      American Bankers' Summary Judgment Motion**

American Bankers moves the Court to order summary judgment on the Brandts' remaining contractual claims. Dkt. 69. American Bankers maintains that the following reasons support its motion for summary judgment: the Brandts (1) did not timely file a proof of loss statement for the additional funds sought; (2) may not recover replacement cost damages until their dwelling is actually repaired or replaced but may recover actual cash value of loss, if established; (3) did not put forth admissible or credible evidence to support their claimed repair/replacement costs; and (4) cannot recover for damages excluded from their policy. Dkt. 69 at 9-25.

   **1.      Proof of Loss**

American Bankers argues that, because there was no timely submission of a "Proof of Loss for the additional amount of damages requested in this lawsuit as required by SFIP, [the Brandts] are divested of the right to even bring this law suit." Dkt. 69 at 22

ORDER - 5

(citing *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 735 (8th Cir. 2001); *Rojek v. FEMA*, 234 F. Supp. 2d 999 (S.D. Iowa, 2002)). While this rule is generally true, the Court's order setting aside default judgment was conditioned on American Bankers' open-court assertion that it would negotiate in good faith with FEMA to waive the proof of loss requirement should the Brants prove they are entitled to funds under the policy. Dkt. 41 at 17 (American Bankers' counsel represented in open court he would seek a proof of loss waiver from FEMA "if [the Brandts'] documentation shows that they are entitled to more funds under their policy").

Because of the conditions imposed on and agreed to by American Bankers, whether the Brandts' failure to file a timely proof of loss statement precludes their recovery in this action is not ripe for consideration by the Court. Dkt. 41 at 17. Therefore, summary judgment on this issue is denied.

### 2.     **Actual Cash Value**

American Bankers argues that the "terms of the [Brandts'] policy preclude recovery for 'replacement cost coverage' until the dwelling is actually repaired or replaced." Dkt. 69 at 9 (citing SFIP, Article V(2)(c)). Even if the repair or replacement has not occurred, the insured may still be able to recover the actual cash value ("ACV") of any damages. *Id.*; *see also Hess v. North Pacific, Ins. Co.*, 122 Wn.2d 180, 185 (holding that repair/replacement cost may not be sought absent actual repairs or replacement but that ACV may still be recovered).[1]

The SFIP part II(B)(2) defines ACV as "the cost to replace an insured item of property at the time of loss, less the value of its physical depreciation." Section J of the

---

[1] The *Hess* court noted the rationale for this provision is that the insured should not be enabled to profit from the difference between actual cash value of loss and the replacement/repair cost when the insured collects insurance proceeds but does not actually use them to fix the dwelling. 122 Wn.2d at 185-56.

ORDER - 6

SFIP, entitled Requirements in Case of Loss, provides that "In case of a flood loss to insured property, [the *insured*] must, . . . (3) [p]repare an inventory of damaged property showing the quantity, description, *actual cash value*, and amount of loss . . . ." (Emphasis added). American Bankers contends that the Brandts are not entitled to such a payment because they "have not determined the actual cash value of any damages for which they seek recovery . . . ." Dkt. 69 at 10 (citing to the Brandts' answer to interrogatory No. 6, which supports American Bankers' position).

In opposition, the Brandts contend that the ACV and the replacement/repair cost are the same. Dkt. 86 at 3 (relying on the Quint Decl. (Dkt. 71), Ex. H). The Brandts also assert that Todd Brandt will testify to this fact. *Id*. The Brandts, however, do not contest the fact that the burden of establishing the ACV rests with them or that a failure to establish the ACV is fatal to an SFIP claim. Put otherwise, if the Brandts are unable to establish the ACV, this matter is concluded as a matter of law. On the record before the Court, it is unclear what evidence the Brandts have, to show that the ACV has been established.

To begin with, Exhibit H is the estimate for repair/replacement costs provided by Kirby, which did not account for depreciation. Kirby testified in his deposition that he did not account for depreciation in arriving at his estimate. Kirby Dep. (Dkt. 87, Ex. A) at 29 (stating that "I had no reason for depreciation. I wasn't depreciating my costs"). It is also unclear on what basis Todd Brandt could testify that the actual cash value of loss, which necessarily includes depreciation, could equate to the estimate Kirby came up with for the repair/replacement cost, which expressly did not include depreciation.

Further, the Brandts have not sufficiently established how Todd Brandt could be qualified to testify to the claim that the repair/replacement cost is equal to the actual cash value. In fact, the Court cannot find, and it does not appear, that the Brandts have supplied any evidence that would be sufficient to overcome American Bankers' position

ORDER - 7

on this issue. In deciding a summary judgment motion, conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. at 888-89.

In short, the Brandts' failure to adequately demonstrate the actual cash value of loss appears to be fatal to their claim for recovery under their SFIP. However, the Court reserves its ruling on this issue and will hear oral argument regarding the matter at the pretrial conference.

### 3. Admissibility of Evidence of Repair/Replacement Costs

American Bankers argues that the Brandts have supplied no "competent or admissible evidence to support [their] replacement cost figure." Dkt. 69 at 10. American Bankers further argues that the Brandts' damage calculation is based on an estimate developed by Kirby, which it asserts is based on his reliance on the opinions of Ryan Moore ("Moore"), an engineer hired by the Brandts, and that Moore's opinion has dramatically changed since Kirby's reliance. *Id*. at 10-11. Finally, American Bankers asserts that Kirby, a California contractor, is not qualified to provide an estimate for a structure in Washington. *Id*. at 11.

As an initial matter, the Court finds that Brandt will likely be able to qualify Kirby as competent to testify in this matter as an expert. This is not to say that American Bankers cannot attempt to discredit his opinions or to offer their own expert opinions to contradict the position of Kirby. As such, Kirby's competency is not a basis for summary judgment.

Further, in opposition, the Brandts argue that Kirby has his own opinions on the matter and that they are not simply limited to Moore's former position. *See* Dkt. 86 at 6-8; *see also* Kirby Dep. at 20 (noting that Kirby's estimate was based on documents from MC Squared Engineering, All-American Home inspection proposal, 3R Construction, and his own visual inspection). This deposition testimony is sufficient to overcome the claims

ORDER - 8

made by American Bankers on this issue. Indeed, when the parties present different versions of the truth, the Court cannot resolve such an issue in favor of the moving party on summary judgment. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31.

Therefore, viewed in the light most favorable to the Brandts, the Court denies summary judgment on this issue. However, to the extent Kirby would testify to the costs of lifting the house, such testimony would not be permitted because the Brandts are not entitled to recover any costs associated with lifting the house; *see* the following section.

**4.     Recovering Damages Excluded by Policy**

**a.     Pre-Flood Conditions and Other Recovery Precluded**

American Bankers argues that the Brandts may not recover damages excluded by the SFIP. Dkt. 69 at 13. Specifically, American Bankers contends that the Brandts cannot recover costs unrelated to the 2007 flood (e.g., pre-flood condition, settlement of the foundation, and repairs not directly related to flood damage, or those incurred for code compliance). In opposition, the Brandts concede they cannot recover for matters excluded by the policy but that they are requesting payment for losses sustained directly from the flood. Dkt. 86 at 10.

Therefore, the Court grants summary judgment in favor of American Bankers to the extent the Brandts seek recovery for damages excluded by their SFIP.

**b.     Recovery for Code Compliance**

Part of the costs sought to be recovered by the Brandts is the cost of raising the house in order to repair the alleged flood-related damage. American Bankers asserts that the Brandts are precluded from recovering such costs. They assert these costs are related to code compliance. Relevant here is article V of the SFIP, entiled Exclusions, which provides in pertinent part as follows:

> A. We only pay for direct physical loss by or from flood, which means that we do not pay you for:

ORDER - 9

> 6. The cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation, or repair of property, including removal of any resulting debris. This exclusion does not apply to any eligible activities we describe in Coverage D--Increased Cost of Compliance . . . .

Thus, unless otherwise excepted in the SFIP, the Brandts may not recover damages incurred in bringing their structure up to code.

American Bankers further asserts that, even if the Brandts could establish that one of the exceptions in the SFIP, part D, applied in their case, they would not be able to survive the exclusions to the exceptions. See SFIP part D(5). Section 5(e) to part D provides in pertinent part as follows:

> Under this Coverage D (Increased Cost of Compliance) we will not pay for:
>
> e. Any Increased Cost of Compliance under this Coverage D:
> (1) Until the building is elevated, floodproofed, demolished, or relocated on the same or to another premises; and
> (2) Unless the building is elevated, floodproofed, demolished, or relocated as soon as reasonably possible after the loss, not to exceed two years.

The parties do not dispute that the Brandts have never repaired their structure, much less elevated the building within two years after the loss was sustained as a result of the flood. Because the Brandts provide no authority for circumventing these exclusions, the Court finds that no material factual dispute remains regarding recovery for damages related to code compliance.

In opposition, the Brandts argue that they are not attempting to recover the costs for raising the structure to comply with the City of Centrailia's codes; rather, they are attempting to recover these costs because it is necessary to fix the flood damage. Dkt. 86 at 10 (relying on Kirby Dep. At 22:6-9).

In fact, Kirby testified as follows regarding the need to elevate the Brandts' house:

> [T]he City of Centrailia said there had to be a new foundation put under there. There's no other way to put a new foundation in there without raising the home, *and* there's no way to fix the home the way it was without raising

>a goodly portion of it and straightening it out and pulling it back over on to the foundation.

Kirby Dep. at 21-22 (emphasis added). The disjunctive nature of Kirby's answer suggests that, when viewed in the light most favorable to the Brandts, while compliance with the City of Centrailia's codes appears to be a basis on which Kirby determined raising the house was necessary, it also suggests that repairing the flood damage underneath the house would require elevating the house apart from code compliance. The Court is somewhat persuaded that the Brandts' position presents a material question of fact.

Therefore, to the extent the Brandts seek recovery for increased code compliance, summary judgment is granted. To the extent the Brandts seek recovery of the cost of elevating the house apart from code compliance, summary judgment is denied.

        **c.    Recovery for Damages from Earth Movement**

American Bankers contends that the Brandts are seeking damages for loss sustained as a result of earth movement. Dkt. 69 at 16 (citing section V of the SFIP, which excludes such recovery). However, the Brandts do not claim such losses. Dkt. 86 at 12.

Therefore, the Court grants summary judgment in favor of American Bankers on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that, as discussed herein:

1.    The Brandts' motion to deny American Bankers' summary judgment motion is **DENIED**;

2.    Summary judgment is **DENIED** on American Bankers' proof of loss theory;

3.    Summary judgment is **DENIED** on American Bankers' theory that the Brandts did not supply credible evidence of their loss;

4. Summary judgment is **RESERVED** on American Bankers' theory that the Brandts' claims fail because they did not determine the actual cash value of loss;

5. Summary judgment is **GRANTED** on American Bankers' theory that the Brandts cannot recovery for damages caused by earth movement; and

6. Summary judgment is **GRANTED** on American Bankers' theory that the Brandts cannot recover for costs associated with code compliance, but summary judgment is **DENIED** to the extent the Brandts are able to establish damages apart from code compliance, as discussed above.

DATED this 1st day of June, 2010.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge

ORDER - 12