UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD and KAREN BRANDT,

    Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

    Defendant.

CASE NO. C08-5760BHS

ORDER DENYING PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Defendant's ("American Bankers") motion for summary judgment on Plaintiffs' (the "Brandts") contractual claims. Dkt. 69. The Court has already made rulings and reserved rulings on the instant motion. Dkt. 100. This order concerns the reserved summary judgment ruling on the issue of whether the Brandts have produced evidence in the record regarding the Actual Cash Value ("ACV") of loss in this matter.[1] The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies American Bankers' motion for summary judgment on this issue for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

For a more thorough procedural and factual history of this case see the Court's prior orders on summary judgment and order to set aside default judgment (Dkts. 41, 100). In short, this case arises out of the Brandts' breach of contract claim against

---

[1] During the pretrial conference, the Court made several rulings. This order expounds only on the reasoning regarding the Court's denial of American Bankers' summary judgment motion based on the theory that the Brandts failed to establish ACV in this matter.

ORDER - 1

American Bankers for the alleged failure to pay all claims owed under a Standard Flood Insurance Policy ("SFIP").

## II. DISCUSSION

On June 2, 2010, the Court conducted the pretrial conference in this matter. During the conference, the Court addressed American Bankers' theory that the Brandts' claims are precluded on the basis that they failed to establish the ACV of loss of their additional SFIP claims pursuant to the terms of their policy. *See* Dkt. 100 at 6-7 (discussing this issue).

At the conference, the Court concluded that the Brandts bear the burden of proving every aspect of their claim. Also at the hearing, the Brandts conceded they are entitled to recover only the ACV of their additional claims as no repairs to the Brandts' home post-flood were made. *See Hess v. North Pacific, Ins. Co.*, 122 Wn.2d 180, 185 (holding that repair/replacement cost may not be sought absent actual repairs or replacement but that ACV may still be recovered). The SFIP part II(B)(2) defines ACV as "the cost to replace an insured item of property at the time of loss, less the value of its physical depreciation." Therefore, to survive summary judgment the Brandts must establish a material question of fact as to whether ACV was established as part of the Brandts' insurance claim.

The parties agree that there is no evidence of a depreciation calculation in the record with respect to the Brandts' additional claims. However, in opposition to summary judgment on this issue, the Brandts argue they have met their burden of establishing their loss by asserting that the replacement cost is equal to ACV. The Brandts intend to call Todd Brandt to testify that the ACV and the repair/replacement cost pertaining to the additional claims are equivalent. *See* Dkt. 86 at 3. Although the Court remains skeptical of Mr. Brandt's ability to credibly establish ACV at trial, credibility is not an issue to be weighed on summary judgment. Mr. Brandt, as a home owner, is entitled to testify to the value of his home. Mr. Brandt's affidavit is sufficient to survive the summary judgment

stage as it presents a material question of fact when viewed in the light most favorable to the Brandts. Whether Mr. Brandt's testimony will ultimately support the Brandts' claim that ACV equals the repair/replacement cost of the items in their additional claims remains for trial.

Therefore, summary judgment on this issue is denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that, as discussed herein, summary judgment is **DENIED** on American Bankers' theory that the Brandts' claims fail because they did not determine the ACV of loss;

DATED this 4th day of June, 2010.

						_____
						BENJAMIN H. SETTLE
						United States District Judge